Sandra Gomez (SBN: 24078573)
Gomez Law PLLC
11511 Katy Freeway, Suite 610
Houston, Texas 77079
Tel.: 713-980-9012
Fax: 866-427-6768
Counsel of Record for Petitioner

UNITED STATES DISTRCIT COURT
SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| SAMEER ABDULRAZZAQ ALJUBOORI (A-206939335);<br>   Plaintiff,<br><br>vs.<br><br>ALEJANDRO MAYORKAS, SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY; MERRICK GARLAND, UNITED STATES ATTORNEY GENERAL; DAVID L. NEAL, EXECUTIVE OFFICE FOR IMMIGRATION REVIEW DIRECTOR<br>   Defendants | Case No.<br><br><br>PLAINTIFF'S PETITION FOR WRIT OF MANDAMUS |

## INTRODUCTION

1. This mandamus action is brought by Sameer Abdulrazzaq Aljuboori, (hereinafter, generally "Plaintiff" or "Petitioner,") a citizen of Iraq, to compel Defendants to complete the adjudication of Plaintiff Mr. Aljuboori's application for Adjustment of Status, which has been pending since 2017, despite a clear duty to render a decision within a reasonable time.

2. For four years, Plaintiff has waited patiently for Defendants to render a decision his Adjustment of Status application. Defendants have acted in bad faith in refusing to adjudicate Plaintiff's application for Adjustment of Status within a reasonable time. Defendants know that their failure to adjudicate Plaintiff's application within a reasonable time has caused severe emotional hardship.

3. Plaintiff therefore files this action in order to ensure that his application for Adjustment of Status is promptly adjudicated.

1

## PARTIES

4. Plaintiff Sameer Abdulrazzaq Aljuboori is a citizen of Iraq.

5. Defendant Alejandro Mayorkas is the Secretary of the Department of Homeland Security. He oversees the administration of our immigration laws. He is sued in his official capacity only.

6. Defendant Merrick Garland is the Attorney General of the United States. He is the nation's chief law enforcement officer. He is used in his official capacity only.

7. Defendant David L. Neal is the Executive Office for Immigration Review Director and is charged with administering the Immigration Courts nationwide. He is sued in his official capacity only.

## JURISDICTION AND VENUE

8. Jurisdiction of the Court is predicated upon 28 U.S.C. §§ 1331 and 1346(a)(2) in that the matter in controversy arises under the Constitution and laws of the United States, and the United States is a Defendant. The Court also has jurisdiction over the present action pursuant to 5 U.S.C. § 702, the Administrative Procedures Act; and 28 U.S.C. § 1361, regarding an action to compel an officer of the United States to perform his or her duty.

9. Venue is proper in this District under 28 U.S.C. § 1391(e) because a substantial part of the events and omissions giving rise to the claim occurred in this District, and Plaintiff resides in Houston, Texas and no real property is involved in this action.

## FACTUAL BACKGROUND

10. Plaintiff Mr. Aljuboori legally entered the United States on November 7, 2014 with a B2 visitors visa. The same year, Plaintiff Mr. Aljuboori applied for asylum. This visa expired in May 6, 2015, and Plaintiff Mr. Aljuboori overstayed this visa. Plaintiff Mr. Aljuboori received a Notice to Appear in 2016 and was placed in removal proceedings.

11. Plaintiff's daughter filed an I-130, Petition for Alien Relative and an I-485 Adjustment of Status for her father, Plaintiff Mr. Aljuboori. The I-130 was approved on October 19, 2017.

12. On January 30, 2018 Plaintiff received notice that his Application for Adjustment of Status with USCIS was administratively closed due to the removal proceedings and was then only reviewable by the Immigration Judge. On February 20, 2018, Plaintiff filed his I-485 Adjustment of Status with the Houston Immigration court.

13. Prior to Plaintiff Mr. Aljuboori's Master Hearing in June 2017, he filed a Motion to Advance the date of his Individual hearing so that a decision could be made regarding Plaintiff's application to Adjust Status. Immigration Judge Brisack granted this motion on May 25, 2018.

14. On June 7, 2018, Plaintiff was scheduled for his Individual hearing on August 30, 2018.

15. Then, on August 20, 2018, and September 4, 2018, this hearing was rescheduled for February 7, 2019.

16. Then, on March 21, 2019, this hearing was rescheduled for May 31, 2019.

17. Then, on August 16, 2019, this hearing was rescheduled for October 17, 2019.

18. A brief hearing occurred on October 17, 2019. At this hearing the government requested a continuance to complete the security and background check on Plaintiff Mr. Aljuboori which was granted. As a result, the hearing was rescheduled for November 26, 2019.

19. The Department of Homeland Security again moved to continue; however, the Immigration Judge denied this motion on November 19, 2019. Nonetheless, on November 26, 2019, this hearing was rescheduled for June 18, 2020.

20. Then on January 8, 2020, this hearing was rescheduled for June 23, 2020.

21. Then on August 4, 2020, this hearing was rescheduled for August 16, 2023.

22. Then on March 8, 2021, this hearing was rescheduled for July 15, 2021.

23. Then on June 3, 2021, this hearing was rescheduled for July 19, 2021.

24. The Department of Homeland Security filed a motion for continuance and transfer late, and therefore the Immigration Judge heard the motion at the July 19, 2021, hearing. At the hearing, the Immigration Judge Brent Landis granted the Department's Motion for Continuance and Request to Transfer Case to the Initial Immigration Judge. At this hearing, DHS informed the court the background check on Plaintiff Mr. Aljuboori was complete.

25. On July 22, 2021, Immigration Judge Gray Endelman ordered any evidence from the background be submitted to the Court and Plaintiff Mr. Aljuboori, and that any investigation into Plaintiff Mr. Aljuboori was presumed complete. The next hearing was scheduled for November 4, 2021.

26. Then on November 4, 2021, and on April 6, 2022, this hearing was rescheduled for June 8, 2022.

27. Then, on June 8, 2022, the Immigration Judge administratively closed the case.

**DEFENDANTS HAVE FAILED TO CARRY OUT THEIR STATUTORY DUTY TO PLAINTIFF**

28. One of the duties of an Immigration Judge is to adjudicate applications for relief from removal, including adjustment of status. 8 CFR § 1003.10(b). *See also* DEP'T. OF JUST.,

EXECUTIVE OFF. OF IMMIGRATION REV., IMMIGRATION COURT PRACTICE MANUAL (2022). Moreover, all cases must be resolved in a timely manner. *Id*.

29. Plaintiff's application has been pending for four years despite being prima facie eligible for the Adjustment of Status.

## EXHAUSTION OF REMEDIES

30. Plaintiff has exhausted all remedies and acts.

## CAUSES OF ACTION

### I.   MANDAMUS PURSUANT TO 28 U.S.C. § 1361

31. Plaintiff re-alleges and incorporates by reference, as if fully set forth herein, the allegations in the paragraphs above.

32. The Mandamus Act, codified at 28 U.S.C. § 1361, says, in its entirety:
    "Action to compel an officer of the United States to perform his duty. The district courts shall have original jurisdiction of any action in the nature of a mandamus to compel and officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

33. A mandamus plaintiff must demonstrate that: (1) he or she has a clear right ot the relief requested; (2) the defendant has a clear duty to perform the act in question; and (3) no other adequate remedy is available. *Newsome v. E.E.O.C.*, 301 F.3d 227, 231 (5th Cir. 2002).

34. For a mandamus plaintiff to have standing under the Mandamus Act, he must satisfy the constitutional requirements of injury, causation, and redressability, and that such a duty is owed to him. *Giddings v. Chandler*, 979 F.2d 1104,1108 (5th Cir. 1992). Any duty owed to the plaintiff must arise from another statute or the Constitution. *Id*. When the right alleged is arises from a statute, the duty is owed only when the plaintiff is within the "zone of interest" of the underlying statute. *Id*. The "zone of interest" test requires that the interest claimed be within the interests protected or regulated by the statute at issue. *Id*. at 1108-09. Only then, under the Mandamus Act may the Court compel the government.

35. Plaintiffs have a clear right to have Defendants adjudicate Plaintiffs' Adjustment of Status application as explained above. Plaintiff falls under the under "the status of an alien who was inspected and admitted . . . into the United States may be adjusted" and Plaintiff is entitled to adjudication under this section. 8 U.S.C. § 1255. Courts have consistently held that 8 U.S.C. § 1255 provides a right to an application for an adjustment of status adjudicated. *Razik v. Perryman*, No. 02-5189, 2003 U.S. Dist. LEXIS 13818 *6-07 (N.D. Ill. Aug. 6, 2003).

36. Additionally, Plaintiff is within the "zone of interest" of the above statute because he was an alien with status who wished to adjust his status to legally remain the United States with

his family. Plaintiffs have met all the requirements to have a decision rendered regarding Plaintiff Mr. Aljuboori's adjustment of status, including paying all filing fees. The Immigration Court Practice Manual also imposes a duty on immigration judges to adjudicate adjustment applications and 8 CFR § 1003.10(b) requires they be adjudicated timely. 8 CFR § 1003.10(b). *See also* Immigration Court Practice Manual. Moreover, the administrative closing of Plaintiff's case leaves him stuck because it does not allow him to seek other avenues for remedies, for example via USCIS.

37. Moreover, four-years is an unreasonable amount of time to await an adjudication. *See Alkenani v. Barrows*, 356 F.Supp. 2d 652, 657, n.6 (N.D. Tex. 2005) (citing decisions were delays nearing two years could be unreasonable). Therefore, Defendants have unlawfully evaded a duty to timely adjudicate Plaintiff's application. There is no other adequate remedy available for the Plaintiffs than a decision regarding the application.

38. Plaintiff has standing to invoke the Mandamus Act because he has a clear right that falls sufficiently into the zone of interest. Therefore, Plaintiffs respectfully request this court to compel the government to perform the statutory duties owed to Plaintiff.

   II.   VIOLATION OF ADMINSTRATIVE PROCEDURE ACT, 5 U.S.C. § 706

39. Plaintiff re-allege and incorporates by reference, as if fully set forth herein, the allegations in the above paragraphs.

40. The Administrative Procedure Act (APA), codified at 5 U.S.C § 706 states:
    The reviewing court shall –
    (1) compel agency action unlawfully withheld or unreasonably delayed; and
    (2) hold unlawful and set aside agency action, findings, and conclusion found to be –
        (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
        (B) Contrary to constitutional right, power, privilege, or immunity;
        (C) In excess of statutory jurisdiction, authority, or limitations, or short of statutory right;
        (D) Without observance of procedure required by law;
        (E) Unsupported by substantial evidence in a case subject to sections 556 and 557 of this title or otherwise reviewed on the record of an agency hearing provided by statute; or
        (F) Unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court.

41. The APA also states at 5 U.S.C. § 555 states "with due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b). "Prompt notice shall be given of the denial in whole or in part of a written application, petition, or other request of an interested person made in connection with any agency proceeding." Id § 555(e).

42. Courts have consistently held that policies or practices of federal agencies which fail to follow statutory or regulatory requirements violate the APA. *See Nader v. F.C.C.*, 520 F.2d 182 (1st Cir. 1975) (holding that agencies have a duty to decide issues presented to them within a reasonable time, and reviewing courts have a duty to compel agency action unlawfully withheld or unreasonably delayed); *Cordoba v. McElroy*, 78 F.Supp. 2d 240 (S.D.N.Y. 2000) (district court had jurisdiction over aliens' petitions alleging that INS had not ruled on their applications for adjustment of status despite passage of unreasonable amount of time). As such, Plaintiff has four viable claims under the APA.

43. First, pursuant to § 706(2)(A), Defendants have acted in a way that is "arbitrary, capricious, an abuse of discretion . . . or otherwise not in accordance with law" when they disregarded 8 CFR § 1003.10(b) by causing Plaintiff to wait four years for a determination of his visa application. Thus, judicial review is warranted under § 706(1) to "compel agency action unlawfully withheld or unreasonably delayed."

44. Second, pursuant to § 706(2)(C), Defendants' failure to adjudicate Plaintiff's adjustment of status application was "short of [Plaintiff's] statutory right." Thus, judicial review is warranted under § 706(1) to "compel agency action unlawfully withheld or unreasonably delayed."

45. Third, pursuant to pursuant to § 706(2)(D), Defendants failed to observe the clear "procedure required by law" that set out a time frame for adjudicating adjustment of status applications. Thus, judicial review is warranted under § 706(1) to "compel agency action unlawfully withheld or unreasonably delayed."

46. Lastly, pursuant to § 555(b) and (e), Defendants failed to conclude the matter of Plaintiff's adjustment of status application presented nearly four years ago within a "reasonable time," and they have failed to provide "prompt notice" of any determination to Plaintiff.

47. As a result of Defendants' practices, policies, conduct, and failures to act, which have directly violated 5 U.S.C §§ 555 and 706, Plaintiff has been unduly prejudiced.

**PRAYER FOR RELIEF**

Plaintiff requests the Court to grant the following relief:

A. Accept and retain jurisdiction during the adjudication of the application to Adjust Status in order to ensure compliance with the Court's orders;

B. Issue a writ in the nature of mandamus compelling Defendants to perform the adjudication of Plaintiff's application to Adjust Status in a reasonable time;

C.  Order Defendants to undertake the actions dictated in Paragraph B above on or before 60 days from the filing of this compliant, or within a reasonable period of time determined by this Court;

D.  Award reasonable costs and attorneys' fees under the Equal Access to Justice Act, 5 U.S.C. § 504 and 28 U.S.C. § 2412; and

E.  Grant such other relief as the Court may deem just and proper.

*/s/Sandra Gomez*
Sandra Gomez
SBN: 24078573
Gomez Law PLLC
11511 Katy Freeway, Suite 610
Houston, Texas 77346
Tel.: 713-980-2273
Fax: 866-427-6768
Counsel of Record for Petitioner

## CERTIFICATE OF SERVICE

I affirm that service of Plaintiff's Petition for Writ of Mandamus Relief on known filing users will be accompanied through the Notice of Electronic Filing. To Petitioner's knowledge, there are no parties who are not filing users.

*/s/Sandra Gomez*
Sandra Gomez
SBN: 24078573
Gomez Law PLLC
11511 Katy Freeway, Suite 610
Houston, Texas 77346
Tel.: 713-980-2273
Fax: 866-427-6768
Counsel of Record for Petitioner